```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
OSSELITO BEAUBRUN,                                    )        ECF Case
                                                      )
                           Plaintiff,                 )  2005 Civ. 7296 (VM) (KNF)
              -against-                               )
                                                      )
CITY OF NEW YORK; POLICE OFFICER GLENN                )  COMPLAINT AND
CASEY; LT DEODAT URPRASAD; POLICE OFFICER             )  DEMAND FOR JURY TRIAL
JANE DOE, individually and in their official capacities as )
New York City Police Officers and Supervisors,        )
                                                      )
                           Defendants.                )
                                                      )
                                                      )
------------------------------------------------------------------------ X
```

Plaintiff OSSELITO BEAUBRUN, by and through his attorneys, The Bronx Defenders, for his Complaint alleges as follows:

## INTRODUCTION

1. This case is about the completely unwarranted physical and emotional abuse of an student by lawless police officers. Prior to the incident that is the subject of this Complaint, plaintiff Osselito Beaubrun had never been arrested, much less charged with a crime.

2. But on May 23, 2004, defendants – officers of the New York City Police Department ("NYPD") – assaulted and arrested Mr. Beaubrun without any warning, provocation, or justification. At approximately 5:28 PM on that date, Mr. Beaubrun was driving in the Bronx when he became lost. He stopped his 1995 Mazda to ask for directions. Defendants Lt. Deodat Urprasad and PO Glenn Casey approached Mr. Beaubrun's vehicle and demanded that he remove the vehicle from the street.

3. At this point, Mr. Beaubrun attempted to start the engine of his vehicle and found that it would not start. After Mr. Beaubrun explained that his vehicle would not start, Lt.

Urprasad, without provocation or cause, began to harass Mr. Beaubrun, pointing a firearm in his face, forcibly removing him from his vehicle and throwing him against the side of the car.  All of this was done without any prior warning from defendants and without any resistance or defense by Mr. Beaubrun.

4. In an effort to cover up their illegal actions, defendants then fabricated criminal charges against Mr. Beaubrun, launching a criminal case against him that lasted over a year and required numerous court appearances, only to end in complete dismissal of all charges against him.

5. Mr. Beaubrun suffered significant physical and emotional damages as a result of this shameful assault, and he is entitled to compensation. In this civil rights action, the plaintiff, Osselito Beaubrun, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and of rights secured by the Constitution of the United States, and of rights secured under the common law and the Constitution of the State of New York.

## THE PARTIES

6. Plaintiff Osselito Beaubrun was twenty-five (25) years old at the time of the incident.  He is a resident of the United States, and was at all times relevant herein a resident of the City of New York, State of New York, and of full age.

7. Defendant City of New York ("the City") is a municipality organized and existing under the laws of the State of New York.  At all times relevant hereto, the City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel.  In addition, at all relevant times, the City was responsible for

enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.  Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by members of the New York City Police Department.

8. At all times relevant hereto, defendant Police Officer Glenn Casey, shield number 3170, was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of the City, and within the scope of his employment as such.

9. At all times relevant hereto, defendant Lt. Deodat Urprasad was a police lieutenant of the NYPD, acting in the capacity of agent, servant, and employee of the City, and within the scope of his employment as such.

10. At all times relevant hereto, Police Officer Jane Doe, shield number unknown, was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of the City, and within the scope of her employment as such.

11. At all relevant times, defendants P.O. Casey, Lt. Urprasad, and P.O. Jane Doe (collectively, the "Officer Defendants") were acting under color of state law.  The Officer Defendants are sued individually and in their official capacities.

## JURISDICTION AND VENUE

12. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, Article I, § 12 of the New York Constitution, and New York state common law.

13. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the doctrine of pendent jurisdiction.

14. The acts complained of occurred in the Southern District of New York, and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

### JURY DEMAND

15. Plaintiff demands a trial by jury in this action.

### FACTUAL ALLEGATIONS

16. Osselito Beaubrun is 26 years old and currently resides in Brooklyn.

17. Prior to the incident that is the subject of this Complaint, Mr. Beaubrun had never been arrested, much less charged with any crime.

18. On the night of May 23, 2004, around 5:28 P.M., Mr. Beaubrun was driving from Albany to Brooklyn, took a wrong turn, and became lost in the Bronx.

19. A motorcycle rally was occurring on Bruckner Boulevard in the county of the Bronx. Mr. Beaubrun observed over 100 people on the block, on the sidewalk and in the street, and around 50 motorcycles performing stunts.

20. Mr. Beaubrun stopped his 1995 Mazda on Bruckner Boulevard to ask for directions back to the FDR Drive. He parked legally by the curb and received directions from a bystander.

21. Three police vehicles drove past Mr. Beaubrun and stopped their cars at the end of the block. P.O. Casey and Lt. Urprasad got out of their cars and began walking down the block, telling people to clear out of the street, and telling the motorcyclists whose bikes were on the sidewalk to leave the area.

22. Mr. Beaubrun immediately got into his car to comply. He attempted to start the engine, but it would not start.

23. P.O. Casey and Lt. Urprasad approached Mr. Beaubrun's car. Lt. Urprasad ordered, in a threatening manner, using profanity, that Mr. Beaubrun move his car at once.

24. After again attempting to start the engine, Mr. Beaubrun informed Lt. Urprasad that the car would not start. Lt. Urprasad responded that Mr. Beaubrun must give him his car keys. Without waiting for Mr. Beaubrun to comply, Lt. Urprasad walked away from the vehicle to assist the other officers in clearing the block.

25. Mr. Beaubrun continued to try to start the car until, finally, the engine started. He put the car in drive and attempted to clear the area as directed.

26. While Mr. Beaubrun was pulling away, Lt. Urprasad began banging on the rear trunk of the car. Hearing this, Mr. Beaubrun stopped the car.

27. Lt. Urprasad drew his firearm, came to Mr. Beaubrun's window, put his gun in Mr. Beaubrun's face and yelled, "Didn't I tell you to give me the keys?"

28. Lt. Urprasad opened the car door, pulled Mr. Beaubrun out of the driver's seat, and slammed him against the side of the car. P.O. Casey then handcuffed Mr. Beaubrun.

29. As a result of this assault, Mr. Beaubrun suffered physical injuries, including, *inter alia*, bruising and contusions.

30. Onlookers began to object to Lt. Urprasad's aggressive conduct, whereupon Lt. Urprasad waved his gun at the crowd and told them to leave the scene.

31. Another police car came, and defendants placed Mr. Beaubrun in the back seat. A different officer drove off in Mr. Beaubrun's vehicle.

32. Mr. Beaubrun asked Lt. Urprasad why he was being arrested. P.O. Casey told Mr. Beaubrun to shut up.

33. Mr. Beaubrun was taken back to the 41st Precinct building by P.O. Jane Doe described as Hispanic, 5'4" or so, light brown hair, of medium build.  The Officer Defendants then subjected Mr. Beaubrun to an illegal search.

34. The Officer Defendants were all present at the time that these events were occurring, and observed and/or heard portions of what had happened but failed to intercede and/or report it to supervisory personnel, and failed to protect Mr. Beaubrun while in custody.

35. Under the oath of office and the written rules and regulations promulgated by the NYPD, line officers and command personnel have an affirmative duty to intercede and prevent crimes and other misconduct committed by officers and to report such conduct whenever they become aware of it.

36. The individual Officer Defendants failed to intercede on behalf of Mr. Beaubrun, and failed to report the misconduct detailed above and below.

37. On May 24, 2004, P.O. Casey swore to a false and fabricated account of the events surrounding Mr. Beaubrun's arrest in a Bronx County Criminal Court Complaint.

38. Mr. Beaubrun was not arraigned until May 24, 2004, under docket number 2004BX029726.  He was charged with reckless endangerment in the second degree, obstructing governmental administration in the second degree, and reckless driving.

39. These charges were knowingly and intentionally false and malicious.

40. At no time during the events described above did the defendants have probable cause for the arrest and seizure of Mr. Beaubrun, and there was no legal cause or excuse for his seizure.  At no time did Mr. Beaubrun recklessly endanger or obstruct any police officer or recklessly drive.

41. Mr. Beaubrun was released on his own recognizance.  He was wrongfully imprisoned by the defendants for a period of approximately twenty-four (24) hours.

42. After May 23, 2004, when Mr. Beaubrun was arrested, defendants maintained exclusive custody and control of Mr. Beaubrun's car.  Defendants refused to return it until over three weeks after the incident, despite repeated requests.  When Mr. Beaubrun did finally retrieve his car, several items of his property were missing or damaged.

43. Over the next year, Mr. Beaubrun was required to appear in court on five (5) occasions to defend himself against the criminal charges brought against him:  July 7, 2004, August 18, 2004, October 14, 2004, December 9, 2004 and December 17, 2004.

44. On June 6, 2005, all charges against Mr. Beaubrun were dismissed and the case was sealed.

45. As a result of defendants' conduct described above, including assaulting, restraining, falsely arresting, falsely imprisoning, illegally searching, and maliciously prosecuting Mr. Beaubrun, Mr. Beaubrun suffered serious physical and emotional injury, pain and suffering, mental anguish, and humiliation and embarrassment.

46. The arrest, detention and prosecution of Mr. Beaubrun lacked probable cause, and were done maliciously, falsely, and in bad faith.  The Officer Defendants acted in wanton and reckless disregard for the rights of Mr. Beaubrun.

47. Mr. Beaubrun has also suffered substantial emotional harm.  He was terrorized by the attack, he still becomes fearful when he walks in the street, and he is still afraid of police officers.

7

48. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served by certified mail of the notice, in duplicate, to the Comptroller's office at 1 Centre Street, New York, New York.

49. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

50. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

### FIRST CAUSE OF ACTION
42 U.S.C. § 1983
(Against the Officer Defendants)

51. Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

52. By arresting and imprisoning Mr. Beaubrun without probable cause, using excessive force, assaulting him, seizing him, searching him, imprisoning him, falsifying an account of the events surrounding the arrest and assault of Mr. Beaubrun upon which a criminal complaint was based, making false statements under oath in the criminal court complaint against Mr. Beaubrun, and failing to take steps to intercede and protect Mr. Beaubrun from such treatment, the Officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

53. In addition, the Officer Defendants conspired among themselves to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and

Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

54. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
New York State Constitution, Art. I, § 12
(Against All Defendants)

56. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

57. By arresting and imprisoning Mr. Beaubrun without probable cause, using excessive force, assaulting him, seizing him, searching him, imprisoning him, falsifying an account of the events surrounding the arrest and assault of Mr. Beaubrun upon which a criminal complaint was based, making false statements under oath in the criminal court complaint against Mr. Beaubrun, and failing to take steps to intercede and protect Mr. Beaubrun from such treatment, the Officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 12 of the New York Constitution.

58. In addition, the Officer Defendants conspired among themselves to deprive Plaintiff of his constitutional rights secured by Article I, § 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

59. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by Article I, § 12 of the New York Constitution.

60. Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's deprivation of his state constitutional rights. The City, as the employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of <u>respondeat superior</u>.

61. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

**THIRD CAUSE OF ACTION**
Assault and Battery
(Against All Defendants)

62. Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

63. The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent

and/or menacing acts which threatened such contact to Plaintiff, and that such acts caused apprehension of such contact in Plaintiff.

64. The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff when they, in a hostile and/or offensive manner, struck Plaintiff without his consent, and with the intention of causing harmful and/or offensive bodily contact to Plaintiff.

65. The City, as the employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

66. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

**FOURTH CAUSE OF ACTION**
False Arrest and False Imprisonment
(Against all Defendants)

67. Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

68. By the actions described above, the Officer Defendants falsely arrested, falsely imprisoned and detained Mr. Beaubrun without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to Mr. Beaubrun and violated his statutory and common law rights as guaranteed to him by the laws and Constitution of the State of New York.

69. The City, as the employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

70. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

## FIFTH CAUSE OF ACTION
Negligence
(Against All Defendants)

71. Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

72. Defendants owed a duty of care to Plaintiff.

73. Defendants breached that duty of care by assaulting, attacking, and beating Plaintiff with extreme force, and failing to properly secure items in plaintiff's car.

74. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

75. All of the foregoing occurred without any fault or provocation by Plaintiff.

76. The City, as the employer of the Officer Defendants, is responsible for their wrongdoing under the doctrine of <u>respondeat superior</u>.

## SIXTH CLAIM
Negligent Hiring and Retention of Employment Services
(Against the City)

77. Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

78. The City, through the NYPD, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff.  Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

79. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions as police officers.

80. Upon information and belief, the City knew or should have known through the exercise of reasonable diligence that the Officer Defendants were dangerous.

81. Upon information and belief, the City's negligence in hiring and retaining the Officer Defendants proximately caused Plaintiff's injuries.

82. Upon information and belief, because of the City's negligent hiring and retention of the aforementioned Officer Defendants, Plaintiff incurred significant and lasting physical, mental, and professional injuries.

WHEREFORE, Plaintiff respectfully requests the following relief jointly and severally against all of the Defendants:

    a.    Compensatory damages in an amount to be determined at trial;

    b.    Punitive damages;

    c.    The convening and empanelling of a jury to consider the merits of the claims herein;

    d.    Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

    e.    Such other and further relief as this court may deem just and proper.

Dated:    Bronx, New York
           August 17, 2005

/s/
J. McGregor Smyth, Jr., Esq. [JS 9995]
Andrew W. Williams, Esq.
THE BRONX DEFENDERS
860 Courtlandt Avenue
Bronx, New York 10451
(718) 838-7878

Attorneys for Plaintiff
OSSELITO BEAUBRUN